IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

In re:

**Kandise Nadine Lucas,**   Case No. 20-33177-KRH
    **Debtor**   **Chapter 13**

**Amanda Simons,**
    Movant/Creditor

v.

**Kandise Nadine Lucas, and
Carl M. Bates, Trustee,**

    Respondents.

---

### DEBTOR'S RESPONSE IN OPPOSITION TO MOTION FOR RELIEF FROM STAY

Kandise Nadine Lucas, Debtor in the above-captioned case ("Debtor"), by its undersigned counsel, states in response to the Motion for Relief from Automatic Stay ("Motion") to finalize state litigation filed by Amanda Simons ("Simons" or "Movant") as follows:

### I. Debtor Admits the Following Allegations Contained in Movants Motion

Debtor admits the allegations contained in paragraphs 1., 2., 3., 4., 5., 6., 8., 9., and 12.

Kimberly A. Chandler, VSB# 47897
**CHANDLER LAW FIRM**
P.O. Box 17586
Richmond, VA  23226
Office:  (804) 353-1971
Fax:  (804) 723-0954

## II. Debtor Denies the Allegations Contained in Paragraphs 7, 10, 11., 13, 14. 15, and16. And Presents the Following Legal Argument Opposing Relief From Stay

2. On March 19, 2019, Simons filed a Complaint in Chesterfield County Circuit Court seeking damages against Debtor for defamation and intentional infliction of emotional distress, along with punitive damages.  On February 7, 2020, after a trial on the issues of damages alleged in the Complaint, the Chesterfield County Circuit Court awarded the following to Simons:  Sixty-five thousand dollars ($65,000.00), on the count of defamation and forty-five thousand dollars ($45,000.00) for punitive damages.  <u>No order reflecting this verdict was entered by the Court</u>.  Further, on February 18, 2020, Simons filed a Motion in Chesterfield County Circuit Court for costs in the amount of three thousand, seven hundred thirty-eight dollars and sixty-two cents ($3,738.62).  She further sought sanctions against Debtor<u>.  No final order granting costs and sanctions has been entered by Chesterfield Circuit Court.</u>

3. On July 23, 2020, Debtor filed this instant bankruptcy case, thus triggering the automatic stay of 11 U.S.C. § 362.   Debtor listed the debt allegedly owed to Simons on her bankruptcy schedules.  On November 9, 2020, Simons filed an adversary proceeding (A.P. No. 20-03143) asking that the amount allegedly owed to Simons be determined to be non-dischargeable in her bankruptcy case under 11 U.S.C. § 523.

4. Debtor, in part, denies the allegations contained in paragraphs 7. and 10. and demands strict proof thereof.  The Circuit Court of Chesterfield County may have "pronounced a verdict against Lucas," and awarded Simons damages for defamation and

Kimberly A. Chandler, VSB# 47897
**CHANDLER LAW FIRM**
P.O. Box 17586
Richmond, VA  23226
Office:  (804) 353-1971
Fax:  (804) 723-0954

punitive damages. However, no order reflecting this verdict has ever been entered by Chesterfield Circuit Court. Paragraph 10., alleges that no final order has been entered reflecting that court's verdict and no hearing has taken place to address the issues which derive from the state court litigation, i.e. an award of costs. However, the fact that no order has been entered by the state court reflecting its verdict is not, in and of itself, a valid reason to lift the stay. According to the Court in **In re: Alan Murrow Secrest, Debtor, Aileen Secrest, Movant v. Alan Murrow Secrest and H. Jason Gold, Chapter 7 Trustee, Respondents**, Case No. 11-11158-RGM, the Court, quoting **In re Robbins, 964 F.2d at 345** there are three principal factors to be considered in determining whether relief from the automatic stay should be granted. "The first is the extent to which state law is applicable. The more that the case disposition is controlled by state law, the more the bankruptcy court should defer to the state court, particularly where the area of the law is within the special expertise of the state court." **Secrest Page 7.** The second is judicial economy and the efficient administration of the bankruptcy case and the third is the protection of the bankruptcy estate. **Secrest Page 8.**

In **Secrest**, the Movant was the ex-wife of the Debtor who had filed a motion for relief from stay to pursue equitable distribution of property in the divorce pending in state court. The Court granted relief consistent with the wife's needs in the divorce proceeding but crafted to protect the bankruptcy estate. The Court agreed that equitable distribution is a "category of cases in which state courts have a special expertise for which federal courts owe a significant deference." **Secrest Page 8.** However, the wife failed to meet the factors of judicial economy and protection of the bankruptcy estate and the Court

Kimberly A. Chandler, VSB# 47897
**CHANDLER LAW FIRM**
P.O. Box 17586
Richmond, VA  23226
Office:  (804) 353-1971
Fax:  (804) 723-0954

denied the wife's motion for relief, stating that the state court could not enter an order for equitable distribution that affected the property of the bankruptcy estate.

The martial home was the main asset in the divorce proceeding. The Court reasoned that the bankruptcy trustee could sell the house for market value and said liquidation of the asset would simplify the equitable distribution hearing, wife's interests would be fully protected, and the bankruptcy estate would be protected because the house would be administered under the supervision of the bankruptcy court. Furthermore. the Court determined that the wife could be granted a divorce under the Code of Virginia without lifting the stay.

In the present case, both defamation and intentional infliction of emotional distress are categories of cases in which state courts have a special expertise. However, judicial economy and the efficient administration of the bankruptcy case will not be enhanced by the lifting of the stay. If the state court enters an order, such order could preclude any defenses that Debtor has against the Movant in the adversary proceeding which was brought to determine the dischargability of the judgment amount of state court and thus undermine Debtor's bankruptcy case. Also, the Movant asks the Court to lift the stay for the benefit of one creditor, (i.e., the Movant), the result of which would affect the assets of the estate, and as a result, the bankruptcy estate would not be protected.

4. Debtor denies the allegations contained in Paragraph 11. and demands strict proof thereof. Movant alleges that the only matters that remain to be determined are her motions for costs and claims for sanctions. First, Movant filed an adversary proceeding objecting to the discharge of her judgment against Debtor. Whether a debt is

Kimberly A. Chandler, VSB# 47897
**Chandler Law Firm**
P.O. Box 17586
Richmond, VA 23226
Office: (804) 353-1971
Fax: (804) 723-0954

dischargeable or falls under an exception under § 523 is a matter to be determined by the Bankruptcy Court. Next, in the ordinary course of a bankruptcy case, punitive damages and sanctions are dischargeable and a state court's determination of amount of such damages and sanctions is futile and a waste of the court's time. Also, the entry of an order by the state court will preclude the defenses that Debtor has against the Movant's claims, and the state court could possibly enter an order stating that the defamation and intentional infliction of emotional distress caused willful and malicious injury to the Movant and, therefore, creating a nondischargeable judgment debt under 11 U.S.C. §523. Therefore, the relief that the Movant seeks lacks judicial economy and leaves the bankruptcy estate unprotected.

5.  Debtor denies the allegations contained in In Paragraph 13. and demands strict proof thereof. Movant alleges that "the entry of the final judgment order on compensatory and punitive damages is essentially ministerial." Debtor denies this allegation. As stated above, the entry of such an order would deprive the Debtor of defenses that she has against the Movant's claims and makes a determination affecting the property of the bankruptcy estate. Judicial economy is not enhanced by lifting the stay and the bankruptcy estate is not protected.

6.  Debtor denies the allegations contained in Paragraph 14. and demands strict proof thereof. For the reasons stated above, the stay should not be lifted to allow the Chesterfield Circuit Court to enter an order reflecting its verdict. As an alternative, the Court could grant relief crafted specifically to allow Cheryl Tuck, Esquire, now retired, to

Kimberly A. Chandler, VSB# 47897
**CHANDLER LAW FIRM**
P.O. Box 17586
Richmond, VA  23226
Office:  (804) 353-1971
Fax:  (804) 723-0954

withdraw from the state court case and substitute other counsel, as such an order does not make any determination with respect to the property of the estate.

7. Debtor denies the allegations in Paragraphs 15. and 16. and demands strict proof thereof. For the reasons stated above, lifting the stay will not "facilitate the efficient resolution of the Adversary Proceeding." Movant has failed to establish that judicial economy is best served by lifting the stay and that the bankruptcy estate would be protected.

WHEREFORE, respondent, Kandise Nadine Lucas, by Counsel, respectfully requests that the Court deny the Motion and provide the relief that is just and proper.

Date: June 25, 2021

                         Kandise Nadine Lucas

                         By: /s/Kimberly A. Chandler
                         Kimberly A. Chandler, VSB# 47897
                         **CHANDLER LAW FIRM**
                         P.O. Box 17586
                         Richmond, VA  23226
                         Office:  (804) 353-1971
                         Fax:  (804) 723-0954
                         Counsel for Debtor

**Proof of Service**

The undersigned hereby certifies that on this date the foregoing Answer was served by mail or electronically transmitted to: Counsel for Amanda Simons, and the Chapter 13 Trustee and other interested parties by the undersigned.

Date: June 25, 2021

                         /s/Kimberly A. Chandler
                         Kimberly A. Chandler, VSB# 47897

Kimberly A. Chandler, VSB# 47897
**CHANDLER LAW FIRM**
P.O. Box 17586
Richmond, VA  23226
Office:  (804) 353-1971
Fax:  (804) 723-0954

## SERVICE LIST

Todd M. Ritter, Esquire
Daniels, Williams, Tuck & Ritter
P.O. Box 3570
Chester, VA  23831
Counsel for Movant

Carl M. Bates
Chapter 13 Trustee
P.O. Box 1819
Richmond, VA  23218

Kandise Nadine Lucas
514 East Williamsburg Road
Sandston, VA  23150

Kimberly A. Chandler, VSB# 47897
**CHANDLER LAW FIRM**
P.O. Box 17586
Richmond, VA  23226
Office:  (804) 353-1971
Fax:  (804) 723-0954